**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HONG SON NGUYEN,

Petitioner,

v. No. 1:26-CV-02460-MLG-JHR

MELISSA ORTIZ, in her official capacity as Acting Warden of Torrance County Detention Facility; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of Enforcement and Removal Operations, El Paso Field Office, United States Immigration and Customs Enforcement; DAVID VENTURELLA, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of United States Department of Homeland Security; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Hong Son Nguyen ("Nguyen"), a Vietnamese national, fled Vietnam and entered the United States on January 19, 2025, where he was detained. Doc. 1 ¶¶ 2, 19-20, 22. Nguyen was granted a withholding of removal to Vietnam under the Convention Against Torture due to the likelihood of persecution because of his perceived political opinion. Doc. 1 ¶ 1. Nguyen's order of removal, including the withholding of removal, became administratively final on August 24, 2025. Doc. 1 ¶ 2. Nguyen filed a Petition for a Writ of Habeas Corpus ("Petition"), wherein he seeks immediate release on the grounds that his detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101-1537, and the Due Process Clause of the Fifth Amendment to the

United States Constitution. *See* Doc. 1. Respondents did not submit a factual declaration or legal brief in opposition. Doc. 5.

**RELEVANT LEGAL PRINCIPLES**

Once a noncitizen's[1] order of removal becomes administratively final, they may be detained during the following ninety days, which is known as the removal period. *See* 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A). If a noncitizen does not leave or is not removed during this time, Section 1231(a)(3) contemplates that they will be released "pending removal . . . subject to supervision under regulations prescribed by the Attorney General." Section 1231(a)(6) allows for the continued detention of certain noncitizens beyond the ninety-day removal period, but indefinite detention is not permitted. Detention is limited to a "period reasonably necessary to bring about that [noncitizen's] removal from the United States." *See Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

Under *Zadvydas*, six months of detention is considered "presumptively reasonable." *Id.* at 701. Thereafter, a noncitizen may challenge their custodial status by providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the noncitizen meets that threshold showing, then the Government must respond with evidence sufficient to rebut that showing." *Id*. The Government's burden increases proportionally to the length of detention. *Id*. The material consideration is whether removal is likely to occur timely. *Id.* If removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700. "In that case, . . . the [noncitizen's] release

---

[1] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of those conditions." *Id.* at 700.

**DISCUSSION**

It is undisputed that Nguyen's removal order became administratively final on August 24, 2025, and he has been in custody well beyond six months. Doc. 1 ¶ 2. Therefore, the period of presumptive reasonableness has lapsed. Nguyen has a valid withholding of removal to Vietnam, his home country, and he does not have the necessary documents to return to Vietnam. Doc. 1 ¶ 1; Doc. 7 at 3. Neither the Court nor Nguyen have received any information indicating that a plan for Nguyen's removal exists. Doc. 5; Doc. 7 at 3.

Given the preceding, the Court "cannot conclude that… removal is likely to occur—or even that it might occur—in the reasonably foreseeable future." *Singh v. Whitaker*, 362 F. Supp. 3d 93, 102 (W.D.N.Y. 2019), *abrogated on other grounds by Alvarez Ortiz v. Freden*, 808 F. Supp. 3d 579 (W.D.N.Y. 2025). Indeed, Respondents have not identified a plan for Nguyen's removal, and they have not proposed a timeline in which the removal might occur. Accordingly, the Court concludes that Nguyen's continued detention is unreasonable because he has demonstrated there "is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

**CONCLUSION**

The Court therefore grants the Petition and orders the following:

(a) Respondents must release Nguyen under appropriate conditions of supervised release within 48 hours of this Order's filing; and

(b) if, for any reason, Nguyen is not released by 5 p.m. on September 24, 2026, Respondents must provide the Court with a status report explaining the reasons for Nguyen's continued detention.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA